# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN JAMAL WILLIFORD,** : <br>     Plaintiff, : <br> : <br> v. :    **CIVIL ACTION NO. 25-CV-4608** <br> : <br> **STATE OF PENNSYLVANIA,** *et al.*, : <br>     Defendants. : | |

## ORDER

**AND NOW**, this 14th day of October 2025, upon consideration of Plaintiff Steven Jamal Williford's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 2), and *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Steven Jamal Williford, #205307, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Williford's inmate account; or (b) the average monthly balance in Williford's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Williford's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Williford's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Warden of the Lehigh County Jail.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a. All claims against the State of Pennsylvania, the Lehigh County Department of Corrections, the Lehigh County Jail Mail Room, the City of Allentown, PrimeCare Medical Inc., and U.S. John Marshal Doe are **DISMISSED WITH PREJUDICE.**

   b. All official capacity claims, all claims asserting violations of the Pennsylvania Constitution, PREA, the Equal Protection Clause, and the inmate handbook and/or internal prison procedures; and, all claims based on *Monell* liability, negligence under the First and Fourteenth Amendments, a cell search, property loss, witness testimony, and the grievance process are **DISMISSED WITH PREJUDICE.**

   c. The claims for malicious prosecution and claims brought on behalf of others are **DISMISSED WITHOUT PREJUDICE**.

6. The Clerk of Court is **DIRECTED** to terminate the State of Pennsylvania, the Lehigh County Department of Corrections, the Lehigh County Jail Mail Room, the City of Allentown, PrimeCare Medical, Inc., and U.S. Marshal John Doe as Defendants.

7. The remaining claims in this case, as set forth in the Court's Memorandum, shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants:

   a. Lehigh County Jail ("LCJ") Director Janine Donate

   b. LCJ Warden Kyle Russel

c. LCJ Warden of Treatment Sarah Jarosz

d. LCJ Warden of Security Robert McFadden

e. Grievance Coordinator Cliff Knappenberger

f. Retired Warden of Treatment Steven Miller

g. Retired Treatment Supervisor Mike Salter

h. Retired Treatment Supervisor Mrs. Ramos

i. Treatment Supervisor Joshua Leadbetter

j. Food Manager Carlos Gonzalez

k. Lieutenant Holly Sheaffer

l. Lieutenant Keith Kowal

m. Sergeant Killey

n. Sergeant Cardon

o. Correction Officer Byfield

p. Correction Officer Joseph Paulillo

q. Correction Officer Mickelson Manasse

r. Correction Officer Cristian Quilles

s. Sergeant Macko

t. Sergeant Ransom

u. Lehigh County Detective Steven Furlong

v. PrimeCare Physician Assistant Alyssa Olewine

w. PrimeCare Licensed Practical Nurse Lisa Snyder

x. PrimeCare Doctor Ken

y. PrimeCare Employee Mrs. Megan

z. PrimeCare Employee Mrs. Molly

8. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Williford together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph seven (7) of this Order. The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

9. To proceed with service, Williford must complete a USM-285 Form **for each Defendant listed in paragraph seven (7)** and return the completed form(s) to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Williford completes and returns these forms.

10. In completing the USM-285 Form(s), Williford is instructed as follows:

    a. Williford should complete a separate USM-285 Form for each Defendant listed in paragraph seven (7) of this Order. Only one Defendant's name should appear on each USM-285 Form.

    b. Williford shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph seven (7) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

    c. Williford should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

    d. Williford must provide each Defendant's complete address at a location where that Defendant can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address. It is Williford's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants. *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86,

88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process.") (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

    e. Williford must sign the USM-285 Forms on the signature block marked "Signature of Attorney other Originator requesting service on behalf of: PLAINTIFF" and provide the date the form was signed.

    f. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Williford's claims against any such Defendant.

11. Williford is cautioned that failure to return the completed USM-285 Forms in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

12. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Williford returns in this case.

13. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

                                      BY THE COURT:

                                      /s/ Chad F. Kenney

                                      **CHAD F. KENNEY, J.**